Agreement Regarding Cure of Loan Defaults and Reinstatement of Loan

This Agreement Regarding Cure of Loan Defaults and Reinstatement of Loan is made as of the ___ day of June, 2017, among Arnold W. Sexton and Joyce G. Sexton (the "Sextons"),  and Highlands Union Bank (the "Bank"), provides:

Recitals:

A.       On or about June 12, 2009, the Bank made a $550,000 principal amount loan (the "Loan") to A & J Rentals, LLC ("A & J") (now Debtor in Possession in Chapter 11 No. 17-70692 pending in the United States Bankruptcy Court for the Western District of Virginia at Abingdon) and to Stoneybrook Park, LLC ("Stoneybrook") (now Debtor in Possession in Chapter 11 No. 17-70693 also pending in the United States Bankruptcy Court for the Western District of Virginia at Abingdon). A & J and Stoneybrook together are the "Borrowers."  Payment of the Loan was secured by a deed of trust (the "Deed of Trust") granted by Arnold W. Sexton and Joyce G. Sexton (the "Sextons"), and by Stoneybrook and A & J encumbering the personal and real property described in the Deed of Trust. The Deed of Trust was recorded in Deed Book 781, page 00227 of the Clerk's Office, Circuit Court of Smyth County, Virginia. Payment of the Loan was guaranteed by the Sextons.

B.       Prior to the filing of the above referenced Chapter 11 cases by the Borrowers, the last payment made to the Bank on account of the Loan was January 10, 2017 and the Loan was in default. As a result, the Bank initiated foreclosure proceedings.

C.       On or about May 23, 2017 A & J and Stoneybrook filed their respective Chapter 11 cases to stay the foreclosure proceedings and filed motions in their respective cases seeking leave to use cash collateral. The principal source of income for the Borrowers is rental income paid by tenants, which is subject to the Assignment of Leases and Rents provisions in the Deed of Trust and which qualifies as cash collateral under 11 U.S.C. §  363. After conducting a hearing in both Chapter 11 cases on June 1, 2017, the Bankruptcy Court on June 15, 2017 entered preliminary orders in the A & J and Stoneybrook Chapter 11 cases providing interim authority for A & J and Stoneybrook to use cash collateral. The following uses of cash collateral were approved by the Bankruptcy Court in the amounts shown:

| Approved Payee/Expenditure | Amount Approved Stoneybrook Case | Amount Approved A & J Case |
|---|---|---|
| Mowing | $300 | $300 |
| Electricity | $1500 | $1500 |
| Water & sewer | $300 | $300 |
| Legal Costs for Evictions | $150 | $0.00 |
| Owners draw | $1000 | $1000 |
| Payment to Highlands Union Bank | $3000 | $2000 |
| Remodeling Costs of vacant homes | $0.00 | $400 |
| *Note:  The Preliminary Orders Prohibit Payment of Owners' Draw until after payment of all other approved expenses* | | |

D.       On June 15, 2017, the Bank filed suit in the Circuit Court of Smyth County against Arnold W. Sexton and Joyce G. Sexton, Case CL17000483-00 (the "Smyth County Suit")

alleging breach of guaranty agreements made by them in connection with the Loan, with service of process made on Arnold W. Sexton and Joyce G. Sexton on June 20, 2017 and pleadings in response due to be filed by them not later than July 11, 2017.

E.     As of June 23, 2017 the Bank had received no payments from either Stoneybrook or A & J post-petition notwithstanding the terms of the Preliminary Cash Collateral orders and as a result the Bank directed its counsel to prepare a motion for relief from the automatic stay in both the A & J and Stoneybrook Chapter 11 cases.

F.     A & J and Stoneybrook have made a separate agreement with the Bank requiring that payment defaults under the Loan be cured by close of the banking day on June 29, 2017, with not more than $2,000 of the cure payments to be made by A & J and not more than $3,000 of the cure payments to be made by Stoneybrook as provided under the Preliminary Cash Collateral Orders. The Sextons wish to pay by the close of the banking day on June 29, 2017 the balance of the payments necessary to cure Loan payment defaults not paid by A & J or by Stoneybrook,  to have the Loan payment defaults cured and the Loan reinstated, all on the terms set forth herein.

Agreement:

1.     The matters set out in the foregoing Recitals are incorporated by this reference and the parties agree the same are true.

2.     The Bank will permit the reinstatement of the Loan, subject to the following requirements (as to all of which time is of the essence and performance must be full and complete):

a.     Not later than the close of the banking day on Friday, June 30, 2017, the Sextons shall cause payment to the Bank (the "Cure Payment") of all past due sums of principal and interest, together with all late charges due on the Loan. In addition, the Sextons shall cause the Bank to be paid all of its legal fees and related expenses incurred in connection with defaults under the Loan, including but not limited to those in filing the Smyth County Suit and in connection with the foreclosure and the Chapter 11 cases of A & J and Stoneybrook. As provided in the Preliminary Cash Collateral Orders, not more than $2,000 of the cure payments may be made by A & J and not more than $3,000 of the cure payments made be made by Stoneybrook. Thereafter the Sextons will continue to make all payments under the Loan when and as required by the terms of the Loan, and will cause A & J and Stoneybrook to make payments to the Bank as permitted by cash collateral and/or other orders of the Bankruptcy Court.

b.     Promptly following completion of the Cure Payment, the Sextons will reaffirm and regrant for the benefit of the Bank as secured party security interests in certain personal property referenced in the Deed of Trust on forms to be determined by the Bank and, at the option of the Bank, will agree to execute and deliver a new Security Agreement as to the same personal property as well as additional collateral (to include vehicle titles) on terms to be determined by the Bank but consistent with commercial security agreements regularly used by the Bank. The Sextons agree the Bank is authorized to complete on its own or to require the Sextons to complete and file at the Sextons' expense any and all documents or agreements deemed by the Bank in its discretion as appropriate or proper to perfect any and all security interests under Article 9A of the Virginia Uniform Commercial Code.  In addition, the Sextons will establish at Highlands Union Bank such account(s) into which there shall be deposited all of the gross rental proceeds from the collateral of the Bank, from which the

2

Bank shall be authorized to access and withdraw such sums as may be necessary to pay any and sums due under the Loan. These actions shall be completed by the Sextons not later than July 19, 2017.

        c.      In addition, promptly following completion of the Cure Payment, A & J and Stoneybrook shall seek dismissal of their respective Chapter 11 cases, with prejudice to the filing of any voluntary bankruptcy petitions by either A & J or by Stoneybrook for a period of one year from the dismissal of their Chapter11 cases.

        d.      If the Cure Payment is made in full as and when required, the Bank will consent to extend the time for the Sextons to file pleadings in response to the Smyth County Suit until July 19, 2017. If A & J and Stoneybrook by that date have not filed motions to dismiss their Chapter 11 cases with the terms set out above, then commencing July 20, 2017 the Bank will be free to take such actions as it deems appropriate to protect its interests with respect to the Loan, to include continuing with the prosecution of the Smyth County Suit. If A & J and Stoneybrook by that date have filed motions to dismiss their Chapter 11 cases with terms as set out above, the Bank will consent to extend the time for the Sextons to file pleadings in response to the Smyth County Suit until the first to occur of (1) the dismissal of both the A & J and the Stoneybrook Chapter 11 cases by final orders consistent with the terms set out above or (2) September 6, 2017. If both the A & J and the Stoneybrook Chapter 11 cases are dismissed by final orders consistent with the terms set out above prior to September 6, 2017 and if the Loan is then current in payment of principal and interest and any late charges (to include payments due for September, 2017), the Sextons and the Bank agree the Smyth County Suit will be dismissed without prejudice (and not by nonsuit under Va. Code § 8.01-380) on the agreement of all parties and the Loan shall be deemed to have been fully reinstated. If both the A & J and the Stoneybrook Chapter 11 cases are not dismissed by final orders consistent with the terms set out above prior to September 6, 2017 and if the Loan is not then current in payment of principal and interest and any late charges (to include payments due for September, 2017), then the Bank will be free in its discretion to declare any defaults and institute any collection actions consistent with Virginia law and the terms of the Loan.

        3.      The parties hereto agree that signatures to this Agreement may be executed in counterparts, all of which shall be considered one and the same agreement, and that scanned, copied or facsimile signatures shall be accepted and have the same effect as original physical signatures.

Witness the following signatures made as of the date set out above.


_____          _____

        Arnold W. Sexton                Joyce G. Sexton




Highlands Union Bank


By: _____

Title: